UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED FINANCIAL CASUALTY COMPANY**                                              **PLAINTIFF**

V.                                              **CASE NO. 5:24-CV-5094**

**KANSAS E3, LLC; RED LINE
CONTRACTORS, LLC; FIDEL RUA;
JASON FLYNN; and AMANDA FLYNN**                               **DEFENDANTS**

### ORDER

Now before the Court are Plaintiff United Financial Casualty Company's Motion for Summary Judgment (Doc. 34), Statement of Facts (Doc. 35), and Brief in Support (Doc. 36); Separate Defendants Kansas E3, Red Line Contractors, LLC, and Fidel Rua's Response in Opposition (Doc. 39), Response to Statement of Facts (Doc. 40), and Brief in Support (Doc. 41); and Plaintiff's Reply (Doc. 44). The Court is aware that on a motion for summary judgment, the moving party bears the burden of proving the absence of any material factual disputes and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). The Court must view the facts and any logical inferences that may be drawn from those facts in the light most favorable to the non-moving party. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212–13 (8th Cir. 1997).

A review of the parties' briefing and attached exhibits persuades the Court that summary judgment is inappropriate. There remain genuine, material disputes of fact as to which of two vehicles—one insured and the other uninsured—was involved in an accident. The insurance coverage dispute at the heart of this declaratory judgment action

1

turns on the identification of the vehicle, which the witnesses dispute. This matter must therefore be tried to a jury.

    **IT IS ORDERED** that the Motion for Summary Judgment (Doc. 34) is **DENIED**.

    **IT IS SO ORDERED** on this _2ND_ day of April, 2025.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE